**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| DANIEL V. CRAIG,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER SAGE RANCH, LLC; RENEE E. BAKER f/k/a RENEE BUERMANN; JOSEPH R. BUERMANN,<br><br>Defendants. | Case No.: 1:22-cv-00115-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 21, 2024 MEMORANDUM DECISION AND ORDER**<br><br>**(Dkt. 127)** |

Pending before the Court is Defendants' Motion for Reconsideration of the Court's August 21, 2024 Memorandum Decision and Order (Dkt. 127). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid the decisional process. *See* Dist. of Idaho Loc. Civ. R. 7.1(d)(1)(B). Because Defendants have not shown that any error in the Court's August 21, 2024 decision affected the Rule 56 outcome, their Motion for Reconsideration is denied.

## I. BACKGROUND

This case arises from Plaintiff Daniel Craig's unsuccessful purchase of the Midvale Ranch from Defendants Silver Sage Ranch, LLC, Renee Baker (formerly Buermann), and Joseph Buermann. Plaintiff asserted several claims stemming from that transaction. On August 21, 2024, U.S. District Judge Amanda K. Brailsford granted summary judgment in Defendants' favor on all but one: Plaintiff's claim that, after the underlying real estate transaction fell through, the parties entered into a separate oral agreement under which Defendants agreed to

return some portion of Plaintiff's earnest money after Defendants eventually sold the Midvale Ranch to another buyer. Judge Brailsford concluded that genuine issues of material fact precluded summary judgment on that claim, including whether Plaintiff's alleged forbearance from filing suit supplied consideration for the oral agreement. Plaintiff's breach of oral contract claim is the sole claim remaining for trial, currently set for November 16, 2026.

After the parties consented to proceed before the undersigned, the case was reassigned for all further proceedings, including trial. With trial now approaching, Defendants ask the Court to reconsider the August 21, 2024 decision insofar as it permitted the one remaining claim to proceed. They contend that (i) the prior decision incorrectly allocated the burden of proving consideration, and (ii) the Idaho Supreme Court's subsequent decision in *Moyer v. Doug Lasher Constr., Inc.*, 560 P.3d 1114 (Idaho 2024), confirms that Plaintiff's evidence is insufficient to establish the bargained-for consideration necessary to support the alleged oral contract.

## II. <u>LEGAL STANDARD</u>

Defendants move for reconsideration under Federal Rules of Civil Procedure 54(b) and 60(b)(6). But Rule 60(b) applies only to final judgments and appealable orders, and the August 21, 2024 decision was interlocutory because Plaintiff's breach of oral contract claim remains unresolved. *See Torres v. Sugar-Salem Sch. Dist. #322*, 2020 WL 5709283, at *1 (D. Idaho 2020) (citing *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000)). Accordingly, Rule 60(b)(6) does not govern Defendants' Motion; Rule 54(b) does.

Rule 54(b) provides that an interlocutory order "may be revised at any time" before entry of a judgment adjudicating all claims and all parties' rights and liabilities. Fed. R. Civ. P. 54(b). Consistent with that Rule, a district court possesses inherent authority to reconsider, rescind, or modify an interlocutory order before final judgment. *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001). That authority is discretionary, however, and does not make

reconsideration routine. Under Rule 54, courts generally look to familiar considerations such as whether there has been an intervening change in controlling law, newly discovered evidence, or clear error in the prior decision. *See, e.g.*, *Rutherford v. Health Care Serv. Corp.*, 2025 WL 3688075, at *5 (D. Mont. 2025) (citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

Motions for reconsideration are generally disfavored. Although a court has authority to revisit an interlocutory ruling, it ordinarily should be "loath to do so" absent extraordinary circumstances, such as when the earlier decision was clearly erroneous and would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). And, as courts in this District have emphasized, prior rulings are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Stubbs v. Clearwater Cnty.*, 2026 WL 1229255, at *2 (D. Idaho 2026). Reconsideration likewise is not an opportunity to raise arguments that reasonably could have been made earlier or simply to ask the court to rethink an issue it has already considered. *See Rutherford*, 2025 WL 3688075 at *5.

There is an additional wrinkle here. The August 21, 2024 decision was issued by Judge Brailsford, and, following the parties' consent and reassignment, Defendants now ask the undersigned to revisit that decision. The Ninth Circuit recently clarified the standard that governs when one judge is asked to reconsider an interlocutory ruling entered by a predecessor judge. *See Zeyen v. Bonneville Joint District #93*, 114 F.4th 1129, 1138-39 (9th Cir. 2024). Under *Zeyen*, a second judge should not reconsider a predecessor judge's ruling unless: "(i) the decision is clearly erroneous and its enforcement would work a manifest injustice; (ii) intervening controlling authority makes reconsideration appropriate; or (iii) substantially different evidence was adduced at a subsequent trial." *Id*. at 1138 (quoting *Delta Savings Bank v. United States*, 265 F.3d 1017, 1027 (9th Cir. 2001)).

That more particular standard controls here. Thus, while Rule 54(b) gives the Court authority to revisit the August 21, 2024 decision, *Zeyen* supplies the framework for deciding whether the undersigned should exercise that authority. Because trial is in the future, Defendants' Motion turns on the first two *Zeyen* factors: (i) whether the prior decision was clearly erroneous and its enforcement would work a manifest injustice; or (ii) whether intervening controlling authority makes reconsideration appropriate.

## III. ANALYSIS

In resolving Defendants' earlier motion for summary judgment, Judge Brailsford concluded that genuine issues of material fact precluded summary judgment on Plaintiff's breach of oral contract claim. Relevant here, the Court recognized that an enforceable agreement requires consideration and identified Plaintiff's alleged forbearance from filing suit as the consideration supporting the parties' alleged oral agreement. 8/21/24 MDO at 7-10 (Dkt. 83). Viewing the evidence in Plaintiff's favor, Judge Brailsford concluded that "a jury may reasonably find Craig forbore suing Defendants in exchange for their promise to return the earnest money, and Craig has raised material factual issues regarding this exchange." *Id*. at 8-9. Judge Brailsford further rejected Defendants' reliance on Plaintiff's deposition testimony that the agreement contained no other terms. *Id*. at 9, n.7. She reasoned that Idaho law permits contractual terms, including forbearance, to arise from the parties' implied understanding. *Id*. As a result, Judge Brailsford denied Defendants' motion for summary judgment in this limited respect and allowed the breach of oral contract claim to proceed to trial.

Defendants now challenge two aspects of that analysis. First, they contend that Judge Brailsford incorrectly shifted the burden of disproving consideration by relying on *Weisel v. Beaver Springs Owners Assoc., Inc.*, 272 P.3d 491 (Idaho 2012). Defs.' Mem. ISO Mot. to Recons. at 9-11 (Dkt. 127-1). Defendants insist that the presumption of consideration addressed

in *Weisel* applies only to *written* contracts, not *oral* contracts; for oral contracts, a plaintiff bears the burden of establishing consideration. *Id*. Second, Defendants rely on the Idaho Supreme Court's decision in *Moyer v. Doug Lasher Const., Inc.*, 560 P.3d 1114 (Idaho 2024), which issued several months after Judge Brailsford's summary judgment decision. Defs.' Mem. ISO Mot. to Recons. at 11-19 (Dkt. 127-1). According to Defendants, *Moyer* confirms that forbearance constitutes consideration only when it was part of a mutually bargained-for exchange. *Id*. at 11-13. In their view, the summary judgment record establishes, at most, that Plaintiff delayed filing suit after Defendants allegedly promised repayment – not that Defendants requested such forbearance, that Plaintiff promised it, or that the parties otherwise agreed to exchange repayment for Plaintiff's forbearance. *Id*. at 13-19.

Plaintiff disagrees on both fronts. He maintains that Judge Brailsford correctly assigned the burden concerning consideration. Pl.'s Opp'n to Mot. to Recons. at 8-12 (Dkt. 129). Regardless, she correctly concluded that the summary judgment record permitted a reasonable jury to find consideration for the alleged oral agreement. *Id*. Plaintiff also disputes that *Moyer* materially changed Idaho law. *Id*. at 3-7. He counters that it simply applied the rule already stated in Idaho caselaw that an agreement to forbear may be inferred from the surrounding circumstances. *Id*.

The Court considers each of these arguments. Ultimately, neither warrants reconsideration. The prior decision's assignment of the burden of proof, though potentially erroneous, does not alter the summary judgment result. Nor does *Moyer* otherwise supply a basis for reconsideration.

### A. An Initial Word About Timeliness

The timing of Defendants' Motion warrants brief mention. Judge Brailsford denied summary judgment on Plaintiff's breach of oral contract claim on August 21, 2024. The Idaho

Supreme Court decided *Moyer* on December 18, 2024. Yet, Defendants did not seek reconsideration until August 26, 2026 – over two years after the summary judgment decision and approximately 20 months after *Moyer*.

The delay is particularly notable because neither basis for Defendants' Motion is newly available. Their first argument – that Judge Brailsford improperly relied on *Weisel* to assign the burden of proving consideration – is independent of *Moyer* and therefore could have been raised at any time following the August 21, 2024 decision. And although *Moyer* post-dated that decision, it was decided 20 months ago. In short, this is not a situation in which a party promptly sought reconsideration following a recent change or clarification in controlling law.

To be clear, this timing does not independently bar reconsideration under Rule 54(b). Nor does the Court treat it as dispositive of Defendants' Motion since an interlocutory order "may be revised at any time before the entry of judgment." Fed. R. Civ. P. 54(b). Still, it provides context and, in that respect, is relevant to the Court's exercise of discretion. Defendants seek, on the eve of trial and after the case has been reassigned, to have the undersigned revisit a summary judgment ruling that has governed the case for more than two years, based largely on arguments and legal principles available considerably earlier. That circumstance does not preclude consideration of Defendants' arguments on their merits, but it does little to support the extraordinary relief they now seek.

**B. The Disputed Assignment of the Burden of Proof Does Not Alter the Summary Judgment Result**

Defendants first contend that the prior decision incorrectly shifted to them the burden of disproving consideration. Defs.' Mem. ISO Mot. to Recons. at 9-11 (Dkt. 127-1). In addressing consideration, Judge Brailsford cited *Weisel* for the proposition that the party asserting a lack of consideration bears the burden of proving it. 8/21/24 MDO at 8 (Dkt. 83). Judge Brailsford then

examined the evidence concerning Plaintiff's alleged forbearance and concluded that, when viewed in Plaintiff's favor, "a jury may reasonably find Craig forbore suing Defendants in exchange for their promise to return the earnest money." *Id*. at 8-9.

Defendants argue that *Weisel* does not apply that way here because that case involved a written agreement, whereas the agreement Plaintiff seeks to enforce here is oral. Defs.' Mem. ISO Mot. to Recons. at 9-10 (Dkt. 127-1). Their opening brief raises this distinction, but their reply supplies much of the supporting analysis. *Compare id*., *with* Defs.' Reply Br. at 3-7 (Dkt. 130). There, Defendants point to Idaho Code §§ 29-103 and 29-104, which respectively provide that a written instrument is presumptive evidence of consideration and place the burden of showing a lack of consideration upon the party seeking to invalidate or avoid such an instrument. Defs.' Reply Br. at 4 (Dkt. 130). Defendants also cite Idaho authority tying that burden assignment to written instruments and recognizing, in the oral contract setting, that the party asserting the agreement bears the burden of proving its material terms. *Id*. at 5-6. Those authorities lend considerable support to Defendants' argument that *Weisel* should not have been used to place upon them the ultimate burden of disproving consideration for the alleged oral agreement.

However, the Court need not definitely resolve that question vis à vis Defendants' motion for summary judgment. Even accepting Defendants' position on the burden of proof, there is no basis to disturb Judge Brailsford's summary judgment decision. Assuming Plaintiff bears the ultimate burden of establishing consideration, the Rule 56 question remains whether he produced evidence from which a reasonable jury could find that element in his favor. Judge Brailsford affirmatively considered Plaintiff's evidence and concluded that he had. *Supra* (citing 8/21/24 MDO at 8-9 (Dkt. 83) ("Viewing these facts in favor of the nonmoving party, a jury may reasonably find Craig forbore suing Defendants in exchange for their promise to return the

earnest money, and Craig has raised material factual issues regarding this exchange.")). Plaintiff appropriately emphasizes that aspect of the prior decision. Pl.'s Opp'n to Mot. to Recons. at 9-10 (Dkt. 129).

Indeed, the prior decision went further. In response to Defendants' argument that Plaintiff testified at his deposition that the alleged agreement contained no other terms, Judge Brailsford acknowledged that testimony but concluded it was not dispositive. 8/21/24 MDO at 9, n.7 (Dkt. 83). Rather, the Court found that the surrounding circumstances could permit a jury to infer that "the parties implicitly understood Craig's promise of forbearance of suit was being given in exchange for Defendants' promise of repayment." *Id*. Critically, then, the denial of summary judgment did not rest simply on Defendants' failure to disprove consideration. It rested on Judge Brailsford's affirmative conclusion that Plaintiff had produced evidence from which a reasonable jury could find a bargained-for exchange.

That is the relevant inquiry under Rule 56, *even if* Plaintiff bears the burden of proof at trial.[1] It does not undermine Judge Brailsford's earlier determination that the evidence, viewed in Plaintiff's favor at that time as the non-moving party, was sufficient to permit a reasonable

[1] The Court does not decide here which party ultimately bears the burden of proof on consideration at trial. Although Defendants raised the issue in their opening brief, their reply substantially develops the argument through additional Idaho statutory authority and case law. Defendants have since filed a Notice of Supplemental Authority citing the Idaho Supreme Court's recent decision in *Schuster v. Milbrath*, Docket No. 52545 (Idaho Sept. 24, 2026). *See* Not. of Suppl. Auth. (Dkt. 132). *Schuster* reiterates that, "[i]n a dispute over contract formation," the plaintiff bears the burden "to prove a distinct and common understanding between the parties." *Schuster*, slip op. at 8 (quoting *Inland Title Co. v. Comstock*, 779 P.2d 15, 17 (Idaho 1989)). That authority may bear upon the burden Plaintiff ultimately carries at trial, but it does not alter the Rule 56 analysis discussed above. *Schuster* itself even draws the relevant proposition from longstanding Idaho authority. Because resolution of the ultimate burden question is not necessary to decide the present reconsideration issue – and because Plaintiff has not had an opportunity to address Defendants' more developed argument – the Court leaves that issue for resolution, if necessary, in connection with the parties' pretrial submissions, jury instructions, and/or separate briefing.

jury to find consideration. Accordingly, the disputed assignment of the burden of proof does not warrant reconsideration of the summary judgment ruling.

Even assuming the prior decision was clearly erroneous in its assignment of that burden, Defendants have not shown the manifest injustice that *Zeyen* additionally requires before the undersigned may disturb Judge Brailsford's ruling. The asserted error did not change the summary judgment result, and any questions concerning the burden Plaintiff ultimately bears at trial can be resolved before trial.

Defendants' Motion for Reconsideration is therefore denied in this respect.

**C. *Moyer* Does Not Supply a Basis for Disturbing the Summary Judgment Ruling**

Defendants next contend that *Moyer*, decided several months after Judge Brailsford's summary judgment ruling, warrants reconsideration. According to Defendants, *Moyer* confirms that a party's unilateral decision to delay filing suit does not constitute consideration. Defs.' Mem. ISO Mot. to Recons. at 11-19 (Dkt. 127-1). Rather, for forbearance to support a contract, it must itself be part of the parties' bargained-for exchange. *Id*. Defendants contend that the evidence here establishes, at most, that Plaintiff chose not to sue after Defendants promised to return some portion of his earnest money – not that Defendants requested his forbearance or promised repayment in exchange for it. *Id*. at 13-19. In their view, *Moyer* therefore undermines the premise upon which the oral contract claim survived summary judgment.

The problem with Defendants' argument is that *Moyer* did not announce a new rule. Its operative language comes directly from a case that predated the summary judgment decision, *Ellmaker v. Tabor*, 377 P.3d 390 (Idaho 2015): "[T]here must be a mutual agreement to forbear suing, with either a request to forebear from the debtor or circumstances from which an agreement to forebear can be implied." *Moyer*, 560 P.3d at 1124 (quoting *Ellmaker*, 377 P.3d at 396). *Ellmaker*, in turn, relied on Idaho Supreme Court authority dating to 1980. And another

case cited by Defendants, *Frasier v. Carter*, 437 P.2d 32 (Idaho 1968), reflects the same longstanding rule. Defs.' Mem. ISO Mot. to Recons. at 16 (Dkt. 127-1) (citing *Frasier*, 437 P.2d at 34 ("Mere forbearance without any request to forbear, or circumstances from which an agreement of forbear may be implied, is not a consideration which will support a promise." (citing 17 C.J.S. Contracts § 103b))). Thus, *Moyer* may have recently applied existing Idaho law, but it did not change it.

Defendants essentially acknowledge this in their reply, but pivot to clear error: if *Moyer* merely restated existing law, they contend that Judge Brailsford incorrectly applied that law in the first instance. Defs.' Reply Br. at 8-10 (Dkt. 130). That argument again falls short under *Zeyen*. As Plaintiff highlights, Judge Brailsford specifically considered Plaintiff's testimony that the alleged agreement contained no additional terms, but nevertheless concluded that the surrounding circumstances permitted a reasonable inference that the parties implicitly understood Plaintiff's forbearance was being exchanged for Defendants' promise of repayment. Pl.'s Opp'n to Mot. to Recons. at 10 (Dkt. 129) (citing 8/21/24 MDO at 9, n.7 (Dkt. 83)). That conclusion is consistent with *Moyer* and *Ellmaker*, which expressly permit an agreement to forbear to be inferred from the circumstances.

Defendants identify grounds for disputing the inference Judge Brailsford drew. Defs.' Mem. ISO Mot. to Recons. at 13-19 (Dkt. 127-1). But disagreement over the inference to be drawn from the summary judgment record does not establish clear error. The prior decision considered that evidence and concluded that a reasonable jury could infer a bargained-for exchange from the surrounding circumstances. Nothing in *Moyer* forecloses such an inference.

Nor does allowing the claim to proceed to trial work a manifest injustice. The prior decision does not establish that Plaintiff's forbearance was bargained for; it holds only that the evidence was sufficient to permit a jury to make that finding. Defendants remain free at trial to

challenge Plaintiff's characterization of the parties' dealings and to argue that his decision not to sue was unilateral rather than part of any negotiated contractual exchange. Accordingly, *Moyer* neither represents an intervening change in controlling law that warrants reconsideration, nor demonstrates the clear error and manifest injustice demanded by *Zeyen*.

Defendants' Motion for Reconsideration is therefore denied in this respect also.

## IV. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration of the Court's August 21, 2024 Memorandum Decision and Order (Dkt. 127) is DENIED.

DATED: September 29, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge