**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| DANIEL V. CRAIG,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER SAGE RANCH, LLC; RENEE E. BAKER f/k/a RENEE BUERMANN; JOSEPH R. BUERMANN,<br><br>Defendants. | Case No.: 1:22-cv-00115-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: BURDEN OF PROOF ON CONSIDERATION** |

## I. BACKGROUND

This case arises from Plaintiff Daniel Craig's unsuccessful purchase of the Midvale Ranch from Defendants Silver Sage Ranch, LLC, Renee Baker (formerly Buermann), and Joseph Buermann. On August 21, 2024, U.S. District Judge Amanda K. Brailsford granted summary judgment in Defendants' favor on all but one claim. The remaining claim concerns an alleged oral agreement, reached after the underlying real estate transaction fell through, under which Defendants agreed to return a portion of Plaintiff's earnest money after selling the Midvale Ranch to another buyer. Plaintiff maintains that his agreement to forbear from filing suit supplied consideration for that promise. Judge Brailsford concluded that genuine issues of material fact precluded summary judgment on the claim, including whether Plaintiff's alleged forbearance constituted valid consideration. *See* 8/21/24 MDO at 7-10 (Dkt. 83).

In addressing consideration, Judge Brailsford cited *Weisel v. Beaver Springs Owners Ass'n, Inc.*, 272 P.3d 491, 498 (Idaho 2012), for the proposition that a party asserting a lack of consideration bears the burden of proving it. *See id.* at 8. Defendants later challenged that

burden allocation as part of their motion for reconsideration. *See* Defs.' Mem. ISO Mot. to Recons. at 9-11 (Dkt. 127-1); Defs.' Reply ISO Mot. to Recons. at 3-7 (Dkt. 130). They argued that *Weisel's* statement about the burden of proof does not apply here because it rests on a statutory presumption applicable to *written agreements*, whereas Plaintiff seeks to enforce an *oral agreement*. *See id*. According to Defendants, Plaintiff therefore bears the burden of proving consideration as an element of his breach of oral contract claim. *See id*.

On September 29, 2026, the Court denied Defendants' motion for reconsideration. *See generally* 9/29/26 MDO (Dkt. 133).[1] Although the authorities cited by Defendants lent considerable support to their position, the disputed burden allocation did not affect the summary judgment result. Even assuming Plaintiff bore the burden of proving consideration, Judge Brailsford identified evidence from which a reasonable jury could find that Plaintiff agreed to forbear from suing in exchange for Defendants' promise of repayment. *See id*. at 7-8. The Court therefore declined to disturb the earlier ruling. It did not, however, decide which party ultimately bears the burden of proof on consideration at trial. Instead, the Court expressly reserved that question for later resolution. *Id*. at 8 n.1.

The parties have since addressed the issue in their trial briefs and responses. *See* Defs.' Tr. Br. at 5-6 (Dkt. 144); Pl.'s Tr. Br. at 9-11 (Dkt. 154); Defs.' Resp. to Pl.'s Tr. Br. at 1-3 (Dkt. 169). With trial approaching, the Court now resolves this previously reserved question to clarify the parties' respective burdens and guide the jury instructions.

## II. ANALYSIS

The parties disagree over who bears the burden of proof on consideration. Defendants argue that Plaintiff must prove consideration as an element of the alleged oral contract. They

[1] Following summary judgment, the parties consented to proceed before the undersigned and, on August 6, 2026, the case was reassigned for all further purposes, including trial.

maintain that Idaho law places the burden of disproving consideration on a defendant only when the agreement is reflected in a written contract, as opposed to an oral contract. *See* Defs.' Tr. Br. at 5-6 (Dkt. 144); Defs.' Resp. to Pl.'s Tr. Br. at 1-3 (Dkt. 169). Plaintiff disagrees. Relying principally on Judge Brailsford's reference to *Weisel* in her August 21, 2024 decision, he contends that lack of consideration is an affirmative defense that Defendants must prove. *See* Pl.'s Tr. Br. at 9-11 (Dkt. 154). The Court agrees with Defendants.

Under Idaho law, a breach of contract claim requires proof of four elements: (i) the existence of a contract; (ii) a breach of that contract; (iii) damages caused by the breach; and (iv) the amount of those damages. *Franklin Bldg. Supply Co., Inc. v. Hymas*, 339 P.3d 357, 362 (Idaho 2014). "The burden of proving the existence of a contract and its breach is on the plaintiff[.]" *Somes v. Starnes*, 576 P.3d 305, 309 (Id. Ct. App. 2025) (citing *Idaho Power Co. v. Cogeneration, Inc.*, 9 P.3d 1204, 1213 (Idaho 2000)). Once those elements are established, the defendant bears the burden of pleading and proving any affirmative defense that would excuse performance. *Id.*

The existence of a contract, in turn, requires (i) an offer; (ii) an acceptance; (iii) consideration; and (iv) a mutual meeting of the minds as to the purpose and material terms of the contract. *See Inland Title Co. v. Comstock*, 779 P.2d 15, 17 (Idaho 1989); Idaho Civil Jury Instruction 6.01.1. Consideration is therefore not separate from contract formation; it is a necessary part of it. Consideration generally consists of a bargained-for exchange in which a party receives a benefit or undertakes a legal detriment in return for a promise. *See Papin v. Papin*, 454 P.3d 1092, 1106 (Idaho 2019); *Moyer v. Doug Lasher Constr., Inc.*, 560 P.3d 1114, 1124 (Idaho 2024). That exchange may include a promise to perform an act, a promise to refrain from acting, or the surrender of a legal right. Forbearance from pursuing a legal claim may thus constitute consideration, provided it was bargained for as part of the parties' agreement. *See*

*Ellmaker v. Tabor*, 377 P.3d 390, 396 (Idaho 2016) ("[T]here must be a mutual agreement to forebear suing, with either a request to forebear from the debtor or circumstances from which an agreement to forebear can be implied.").

Relevant here, Idaho law provides a presumption of consideration for written agreements. Idaho Code § 29-103 states that "a written instrument is presumptive evidence of a consideration." Idaho Code § 29-104 correspondingly states that "[t]he burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." These provisions recognize that the existence of a written instrument itself supplies presumptive evidence of consideration, and that the party challenging that instrument must overcome that presumption.

This statutory framework informs the Idaho Supreme Court's discussion in *Weisel*. There, the court explained that a presumption of consideration arises when an agreement is captured in a written instrument. *Weisel*, 272 P.3d at 498. It then immediately stated that "[t]he party that asserts consideration is either lacking or has failed to support a written agreement bears the burden of proving that fact by a preponderance of the evidence." *Id.* Judge Brailsford cited that language in passing when addressing the parties' arguments at summary judgment. *See* 8/21/24 MDO at 8 (Dkt. 83). Defendants now challenge the language's application to the alleged oral agreement in this case.

Plaintiff emphasizes *Weisel's* use of the disjunctive, reframing the principle stated therein as: "a party that asserts that consideration is either (a) lacking; **or** (b) has failed to support a written agreement, bears the burden of proof." Pl.'s Tr. Br. at 11 (Dkt. 154). According to him, "[i]f Defendants' interpretation were correct, there would be no need for the Court to set the statement out in the disjunctive." *Id.* The Court is not persuaded.

Read in context, *Weisel* addresses the presumption arising from a written instrument. Its statement about the burden of proof immediately follows that discussion and cites authority tying the burden to that presumption. *See Weisel*, 272 P.3d at 498 (citing *W.L. Scott, Inc. v. Madras Aerotech, Inc.*, 653 P.2d 791, 796 (Idaho 1982) ("Under Idaho law a presumption arises from a written instrument that consideration has been given. Once this presumption arises, the party seeking to assert the affirmative defense of lack of consideration must establish that defense by a preponderance of the evidence.") (citing I.C. § 29-103; internal citation omitted)). Nothing in *Weisel* suggests that the Idaho Supreme Court intended to extend the presumption of consideration to oral agreements.

Additionally, Plaintiff identifies no Idaho authority applying *Weisel's* burden-of-proof rule to an oral contract. His position instead depends entirely on parsing a single sentence from that decision and applying it here (albeit after Judge Brailsford originally cited to it). The Court recognizes how Plaintiff arrived at his interpretation, but it is a strained reading that isolates the sentence from both the statutory framework and the discussion immediately preceding it. At bottom, Idaho law expressly affords written instruments a presumption of consideration. Plaintiff offers no persuasive reason why that same presumption should apply to an alleged oral agreement, where the existence of an underlying bargained-for exchange is disputed. The Court declines to extend *Weisel* beyond the context in which its burden-of-proof rule was articulated.

Characterizing the absence of consideration as an affirmative defense – as Plaintiff also does – does not change the analysis. *See* Pl.'s Tr. Br. at 11 (Dkt. 154) (arguing that, because lack of consideration is an affirmative defense, "the alleged lack of consideration is Defendants' burden to prove, and Defendants' argument that they do not have the burden to disprove consideration is inaccurate."). There is a distinction between disputing whether consideration existed when a contract was allegedly formed and asserting a subsequent failure of consideration

under an otherwise enforceable agreement. The latter may excuse performance of an existing contractual obligation. *See* Fed. R. Civ. P. 8(c)(1). But Defendants' position is different. They dispute whether Plaintiff's alleged forbearance was ever part of a bargained-for exchange. That dispute goes to the existence of the contract in the first instance, an element that Plaintiff must prove. *Supra*.

The ordinary rule governing contract formation therefore applies. As the Idaho Supreme Court recently reiterated, "'[i]n a dispute over contract formation[,]' the plaintiff bears the burden 'to prove a distinct and common understanding between the parties.'" *Schuster v. Milbrath*, 2026 WL 2870744, at *5 (Idaho Sept. 24, 2026) (quoting *Inland Title Co.*, 779 P.2d at 17). Consideration is part of that inquiry. *Supra*.

This conclusion does not contradict Judge Brailsford's earlier summary judgment ruling. As the Court previously explained, that ruling rested on evidence from which a reasonable jury could find a bargained-for exchange, regardless of which party ultimately bears the burden of proof at trial. *See* 9/29/26 MDO at 7-8 (Dkt. 133). Whether Plaintiff can establish that exchange remains for the jury to decide.

## III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff bears the burden of proving that the alleged oral agreement was supported by valid consideration.

DATED: November 6, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge