**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| DANIEL V. CRAIG,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER SAGE RANCH, LLC; RENEE E. BAKER f/k/a RENEE BUERMANN; JOSEPH R. BUERMANN,<br><br>Defendants. | Case No.: 1:22-cv-00115-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE MOTION TO STRIKE RE: PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**(Dkt. 167)** |

Pending before the Court is Defendants' Motion for Clarification, or in the Alternative Motion to Strike Re: Plaintiff's Second Amended Complaint (Dkt. 167). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid the decisional process. *See* Dist. of Idaho Loc. Civ. R. 7.1(d)(1)(B). Because the Second Amended Complaint does not materially alter the claim that survived summary judgment, and because Defendants have not demonstrated prejudice warranting its exclusion at this late stage, Defendants' Motion is denied.

## I. BACKGROUND

This case arises from Plaintiff Daniel Craig's unsuccessful purchase of the Midvale Ranch from Defendants Silver Sage Ranch, LLC, Renee Baker (formerly Buermann), and Joseph Buermann. Plaintiff originally filed suit on March 14, 2022 seeking, among other relief, a return of earnest money paid in connection with the transaction.

On December 14, 2023, following leave of Court, Plaintiff filed an Amended Complaint (Dkt. 54) asserting several claims against Defendants, including a claim styled as "Breach of Amended Purchase Agreement/Oral Contract for Return of Earnest Money." Defendants

answered the Amended Complaint on January 2, 2024 (Dkt. 58) and moved for summary judgment on January 31, 2024 (Dkt. 60).

On August 21, 2024, U.S. District Judge Amanda K. Brailsford granted summary judgment in Defendants' favor on six of Plaintiff's seven claims, but permitted Plaintiff's claim for breach of an oral contract to proceed to trial. *See* 8/21/24 MDO at 7-10 (Dkt. 83). In doing so, Judge Brailsford recognized that, although the parties had not orally modified their written Purchase Agreement, a genuine dispute of material fact remained as to whether they subsequently entered into a separate oral agreement requiring Defendants to return some of Plaintiff's earnest money after the Midvale Ranch sold. *See id.* Judge Brailsford also concluded that Plaintiff's alleged forbearance from suing Defendants could constitute consideration supporting that agreement. *See id.* at 8-9.

That same day, Judge Brailsford separately granted a motion to dismiss filed by the real estate professionals who had been added as defendants and permitted Plaintiff to amend his claims against them. *See generally* 8/21/24 MDO #2 (Dkt. 82). On September 20, 2024, Plaintiff filed a Second Amended Complaint (Dkt. 85), followed by a redlined version identifying the changes to the prior Amended Complaint (Dkt. 87). In addition to revising the claims against the real estate professionals, the Second Amended Complaint removed the claims dismissed on summary judgment and revised the surviving claim against Defendants to refer expressly to a "Breach of Oral Contract for Return of Earnest Money." *See* Second Am. Compl. at ¶¶ 46-52 (Dkt. 85). The claims against the real estate professionals were subsequently dismissed. *See generally* 6/23/25 MDO (Dkt. 102).

More than two years later, on October 29, 2026, Defendants filed the instant motion. They ask the Court to clarify that the Amended Complaint (Dkt. 54), rather than the Second Amended Complaint (Dkt. 85), remains the operative pleading, or alternatively to strike the latter

pleading insofar as it concerns them. *See* Mot. to Clarify at 2 (Dkt. 167). Defendants contend that Judge Brailsford never authorized Plaintiff to amend his claims against them, Defendants did not consent to the amendment, and that Plaintiff improperly used the opportunity to substantially rewrite the surviving claim after discovery closed and summary judgment was decided. *See* Defs.' Mem. ISO Mot. to Clarify at 2-12 (Dkt. 167-1). Defendants additionally argue that the distinction between the two pleadings is important because allegations in an operative pleading constitute binding judicial admissions, whereas allegations in a superseded pleading may be treated only as evidentiary admissions. *See id*. at 2-3, 12-13.

Plaintiff disagrees. He maintains that the oral contract claim has been part of this litigation from the outset and that the Second Amended Complaint merely conforms Plaintiff's allegations against Defendants to Judge Brailsford's summary judgment ruling. *See* Pl.'s Opp. to Mot. to Clarify at 2-5 (Dkt. 183). Plaintiff also emphasizes Defendants' failure to challenge the pleading for more than two years (and on the eve of trial) and argues that, even if the amendment was procedurally improper, the Court should permit it under Federal Rule of Civil Procedure 15(b). *See id*. at 5-10.

## II. ANALYSIS

Defendants have a legitimate procedural argument. Judge Brailsford's August 21, 2024 summary judgment decision (Dkt. 83) did not contemplate or authorize another amendment to Plaintiff's claims against Defendants. Rather, it resolved the claims presented in the then-existing Amended Complaint (Dkt. 54), dismissing six claims while permitting the breach of oral contract claim to proceed. Although Judge Brailsford separately granted leave to amend in her decision addressing Plaintiff's claims against the real estate professionals (Dkt. 82), that authorization was directed toward the pleading deficiencies identified in those claims; it did not extend to the claims against Defendants.

Plaintiff nonetheless filed his Second Amended Complaint (Dkt. 85) without seeking additional leave to amend the surviving claim[1] or obtaining Defendants' written consent. By then, discovery had closed, the deadline to amend pleadings had passed, and summary judgment had been decided. Defendants never answered the Second Amended Complaint, and likewise, Plaintiff never moved for default. Moreover, the Court's subsequent rulings and the parties' pretrial motions have largely proceeded from the Amended Complaint and Judge Brailsford's summary judgment decision, which considered only that pleading – *not* necessarily the Second Amended Complaint. Under these circumstances, Defendants reasonably question whether Plaintiff exceeded the scope of leave previously granted.

But this procedural irregularity does not warrant the relief that Defendants now seek. Plaintiff's breach of oral contract claim has been part of this litigation since at least Judge Brailsford's summary judgment ruling in August 2024. There, Judge Brailsford considered the Amended Complaint's allegations and determined that Plaintiff could proceed on a theory that the parties entered into a separate oral agreement to return the earnest money, notwithstanding Plaintiff's references therein to an oral modification of the written Purchase Agreement. *See* 8/21/24 MDO at 7-10 (Dkt. 83).

The Second Amended Complaint tracks that determination. It removes the claims dismissed on summary judgment and clarifies the surviving claim as one for breach of an

[1] Plaintiff relies on September 23, 2024 correspondence from Judge Brailsford's law clerk rejecting the need to file a motion and instead requesting a redlined version of the Second Amended Complaint, which Plaintiff subsequently filed (Dkt. 87). *See* Pl.'s Opp. to Mot. to Clarify at 5 (Dkt. 183); Ex. 1 to Goode Decl. (Dkt. 183-2). That correspondence does little to establish that the Court authorized amendments to the claims against Defendants. An amended pleading was already anticipated in relation to the real estate professionals, and the correspondence concerned compliance with Local Civil Rule 15.1, not the permissible scope of the amendments. *See* Defs.' Reply ISO Mot. to Clarify at 3 (Dkt. 184). The Court therefore does not construe the correspondence as granting leave beyond that previously authorized.

independent oral contract rather than a modification of the written Purchase Agreement. *Compare* Am. Compl. at ¶¶ 57-63 (Dkt. 54), *with* Second Am. Compl. at ¶¶ 46-52 (Dkt. 85). Critically, the Second Amended Complaint does not introduce an altogether new transaction, a different alleged agreement, or materially different underlying facts. The alleged November 2019 discussions, the alleged promise to return the earnest money after the Midvale Ranch sold, and Plaintiff's claimed forbearance remain a consistent through-line in the dispute now before the Court. Defendants therefore overstate matters when they contend that Plaintiff "substantially rewrote the history" of the case through the Second Amended Complaint. Defs.' Mem. ISO Mot. to Clarify at 3 (Dkt. 167-1). The revisions largely reflect the claim that Judge Brailsford had already determined in 2024 could proceed to trial.[2]

That Defendants delayed challenging the Second Amended Complaint until now reinforces this point. Plaintiff filed his Second Amended Complaint on September 20, 2024 (Dkt. 85), and filed a redlined version (Dkt. 87) identifying the changes shortly thereafter. Yet, Defendants waited until October 29, 2026 – more than two years later and less than three weeks before trial – to raise their objections (though it should be pointed out that Plaintiff, for his part, never sought an answer to the Second Amended Complaint or moved for default). Defendants explain that they deliberately declined to answer a pleading they considered unauthorized. *See* Defs.' Mem. ISO Mot. to Clarify at 7 (Dkt. 167-1). But that does not explain their failure to seek clarification or otherwise challenge the pleading during the intervening two years. Nor do

---

[2] The Second Amended Complaint also properly asserted claims against the real estate professionals, with Judge Brailsford subsequently considering and dismissing those claims as pleaded in the Second Amended Complaint. *See* 6/23/25 MDO (Dkt. 102). Thus, although Plaintiff lacked express authorization to revise his claim against Defendants, the Second Amended Complaint was properly before the Court with respect to the real estate professional and served as the basis for Judge Brailsford's subsequent ruling. It therefore cannot simply be disregarded as an unauthorized pleading in its entirety.

Defendants identify any new factual allegations requiring additional discovery or otherwise impairing their ability to defend against Plaintiff's breach of oral contract claim. Indeed, since Judge Brailsford's summary judgment decision, there has been no real dispute that the claim remaining for trial is one for breach of an oral contract. Defendants' inaction is difficult to reconcile with their present claim that the Second Amended Complaint fundamentally changed the case. Said another way: had Plaintiff's Second Amended Complaint gone materially further in asserting new claims or new bases for existing claims, Defendants surely would have raised the issue already. But they never did.

As a backstop to his argument, Plaintiff invokes Rule 15(b), which permits amendments to conform the pleadings to issues addressed during trial.[3] The rule seeks to avoid the "tyranny of formalism" and promote resolution of cases on their merits rather than according to counsel's pleading choices. *See* 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1491. Consistent with that purpose, courts possess broad discretion in determining whether amendments should be permitted to conform the pleadings to the issues actually litigated. *See, e.g.*, *U.S. v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 804 (9th Cir. 2017).

Under Rule 15(b)(1), when a party objects that evidence is outside the issues raised in the pleadings, the Court may permit an amendment if doing so will aid in presenting the merits and the objecting party fails to demonstrate prejudice to its action or defense. Here, permitting the

---

[3] Rule 15(b) is titled "Amendments During and After Trial." Still, its application is not limited to trial itself. "[T]he rule permits the motion to be made throughout the entire period during which the action is in the district court…." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1494. Rule 15(a)(2), which expressly governs amendments before trial, may also supply a framework for amendment here. That rule permits an amendment with the "court's leave" and directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The considerations underlying Rule 15(b) – particularly resolving claims on their merits and avoiding undue emphasis on pleading formalities – apply with equal force under Rule 15(a)(2) and support permitting the Second Amended Complaint to remain operative.

Second Amended Complaint to remain operative serves that purpose. The pleading reflects the breach of oral contract claim that survived summary judgment. Defendants have had notice of that claim throughout the intervening proceedings, including through the redlined pleading that specifically identified the changes between it and the Amended Complaint, and have not identified any substantive prejudice resulting from the revisions. As a result, requiring Plaintiff to proceed under a pleading that could be read as characterizing the surviving claim as a modification of the written Purchase Agreement – rather than the separate oral contract explicitly recognized in Judge Brailsford's summary judgment decision – would serve little purpose and risk confusing the jury about the nature of the claim it must decide.

Rule 15(b)(2), in turn, permits amendment when an issue not raised by the pleadings is tried by the parties' express or implied consent. Plaintiff argues that Defendants effectively consented to litigating the breach of oral contract claim by challenging it at summary judgment and again through their motion for reconsideration. *See* Pl.'s Opp. to Mot. to Clarify at 8 (Dkt. 183). That argument misses the point. The question is not whether Defendants consented to litigating the breach of oral contract claim, which Judge Brailsford had already determined was sufficiently pleaded in the Amended Complaint. The question is instead whether Defendants implicitly consented to the Second Amended Complaint becoming the operative pleading.

On that latter question, Defendants' conduct is more significant. Despite receiving the Second Amended Complaint in September 2024, followed shortly thereafter by a redlined version identifying the precise changes, Defendants neither objected to the filing nor sought clarification of its effect for more than two years. Although Rule 15(b)(2) speaks in terms of issues tried by consent, as mentioned earlier, Defendants' inaction, despite notice of the precise amendments, supports treating their conduct as acquiescence to the Second Amended Complaint becoming the operative pleading. At a minimum, Defendants' failure to object earlier, despite

notice of the revisions, further supports permitting the Second Amended Complaint to remain operative.[4]

Defendants' reply does not alter this conclusion. They emphasize that Plaintiff never obtained leave to amend the surviving claim and that the passage of time cannot cure that procedural defect. *See* Defs.' Reply ISO Mot. to Clarify at 2-4, 7-8 (Dkt. 184). The Court agrees that Plaintiff should have sought leave and that Defendants' delay does not, by itself, authorize the amendment. But Defendants' argument overlooks the practical significance of Judge Brailsford's summary judgment decision. The Second Amended Complaint reflects the same breach of oral contract claim Judge Brailsford permitted to proceed. And Defendants acknowledge that they are prepared to try that claim. *See id*. at 5. Defendants have not demonstrated that the revisions materially changed the issues to be tried or impaired their ability to defend against them. The Court therefore declines to strike the Second Amended Complaint on the eve of trial.

Finally, given the absence of demonstrated prejudice to Defendants' ability to defend the surviving claim, the principal objective of Defendants' Motion appears to concern the effect of Plaintiff's prior pleadings as judicial admissions, rather than a clarification of the claim proceeding to trial. *See* Defs.' Mem. ISO Mot. to Clarify at 12-13 (Dkt. 167-1); Defs.' Reply ISO Mot. to Clarify at 8-10 (Dkt. 184). As discussed at the pretrial conference, however, that

[4] The Court recognizes that amendments sought after the scheduling order's deadline ordinarily require good cause under rule 16(b)(4), with particular emphasis on the moving party's diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). But this case presents an unusual procedural posture. Plaintiff did not seek to introduce a new claim or factual theory after the amendment deadline; he revised an existing claim to match Judge Brailsford's summary judgment ruling while filing an amended pleading otherwise authorized with respect to the real estate professionals. Although Plaintiff should have sought leave to make those additional revisions, their limited nature, the circumstances surrounding the filing, and Defendants' prolonged failure to object support permitting the Second Amended Complaint to remain operative.

evidentiary question is not resolved here. Instead, having determined that the Second Amended Complaint is the operative pleading, the Court will separately address the extent to which Plaintiff's prior pleadings may be admitted at trial. *See* Defs.' Reply ISO Mot. to Clarify at 6 n.2 (Dkt. 184). To that end, the parties shall submit briefing on the admissibility of those pleadings pursuant to the schedule outlined below.

In sum, the procedural irregularity surrounding the Second Amended Complaint does not justify striking it at this late stage, particularly where the revisions do not materially alter the surviving claim or prejudice Defendants. The Second Amended Complaint therefore remains the operative pleading, subject to Judge Brailsford's summary judgment ruling.

## III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion for Clarification, or in the Alternative Motion to Strike Re: Plaintiff's Second Amended Complaint (Dkt. 167) is DENIED. Plaintiff's Second Amended Complaint (Dkt. 85) shall remain the operative pleading, subject to the limitations imposed by the Court's August 21, 2024 summary judgment decision (Dkt. 83). On or before November 10, 2026, each party shall address (in six pages or less) the extent to which Plaintiff's prior pleadings may be admitted at trial. Given the approaching trial, no responses will be permitted.

DATED: November 8, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge