**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| DANIEL V. CRAIG,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER SAGE RANCH, LLC; RENEE E. BAKER f/k/a RENEE BUERMANN; JOSEPH R. BUERMANN,<br><br>Defendants. | Case No.: 1:22-cv-00115-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: ADMISSIBILITY OF SUPERSEDED PLEADINGS** |

## I. BACKGROUND

This case is set for trial on Plaintiff Daniel Craig's remaining claim for breach of an oral contract to return earnest money. On November 8, 2026, the Court concluded that Plaintiff's Second Amended Complaint remains the operative pleading. *See generally* 11/8/26 MDO (Dkt. 187). In doing so, the Court recognized a separate evidentiary question concerning the admissibility of Plaintiff's superseded Complaint (Dkt. 1) and Amended Complaint (Dkt. 54), which Defendants seek to introduce at trial as Exhibits 2003 and 2004, respectively. *See id.* at 8-9. The Court reserved that question and directed the parties to submit briefing. *See id.* at 9.

The parties submitted their respective briefs on November 10, 2026. *See* Defs.' Mem. Re: Admissibility (Dkt. 190); Pl.'s Br. Re: Inadmissibility (Dkt. 191). Defendants contend that Plaintiff's superseded pleadings are admissible as evidentiary admissions because Plaintiff incorporated allegations from his original Complaint into sworn discovery responses. They seek admission of both pleadings in their entirety or, alternatively, redacted versions containing specified allegations.

Plaintiff disagrees. He argues that the earlier pleadings principally reflect a superseded legal characterization of the parties' alleged oral agreement, rather than inconsistent factual admissions. He further contends that their admission would be irrelevant, unfairly prejudicial, and likely to confuse the jury.

## II. ANALYSIS

Defendants seek to admit both Plaintiff's Complaint and Amended Complaint in their entirety or, alternatively, in redacted form. Plaintiff seeks to exclude these superseded pleadings altogether.[1] The parties' competing positions each go too far. The appropriate approach lies somewhere in between these positions. As set forth below, factual allegations in the superseded pleadings are admissible as evidentiary admissions by Plaintiff; in contrast, allegations that involve legal characterizations of facts, or legal causes of action, are not.

The Ninth Circuit recognizes a distinction between judicial and evidentiary admissions. Factual allegations in an *operative* pleading generally constitute judicial admissions that bind the party making them. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). But once a pleading is *superseded*, its allegations lose their conclusive effect; still, they remain competent evidence of the facts stated as evidentiary admissions by the plaintiff that are subject to explanation or contradiction. *See Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996). This principle extends to factual statements made by counsel acting as a party's authorized agent. *See id.*; *see also* Fed. R. Evid. 801(d)(2)(C)-(D). Therefore, the fact that Plaintiff's Complaint (Dkt. 1) and Amended Complaint (Dkt. 54) have been superseded does not, standing alone, render their factual allegations inadmissible.

---

[1] Plaintiff concedes, however, that Defendants may attempt to impeach him with factual assertions made in the superseded pleadings, but not the legal significance of those factual assertions. *See* Pl.'s Mem. Re: Inadmissibility at 2 n.1 (Dkt. 191).

A different rule applies to legal characterizations. In *Blaine Larsen Processing, Inc. v. Hapco Farms, Inc.*, 1999 WL 34809532, at *3 (D. Idaho 1999), the court distinguished *Huey's* treatment of (i) withdrawn factual admissions from (ii) a party's decision to abandon one legal position in favor of another. Recognizing that the Federal Rules permit alternative legal theories, the court declined to treat the withdrawal of a previously asserted legal position as an evidentiary admission. The Court reasoned:

> *Huey* involved an admission of fact. Parties cannot plead alternative versions of the facts. In contrast, this case involves the withdrawal of a decision to rescind, which is more akin to a legal position than an assertion of fact. Parties are allowed to plead inconsistent legal positions, and may make claims for both breach of contract and rescission. *See* Fed.R.Civ.P. 8(e)(2). If a party who has plead inconsistent legal theories later decides to elect one legal position over another, there is no authority holding that the jury should be informed that the party initially claimed inconsistent legal positions. The Court therefore finds *Huey* distinguishable.

*Id.; see also Oki America, Inc. v. Microtech Int'l, Inc.*, 872 F.2d 312, 314 (9th Cir. 1989) (recognizing that using alternative pleadings as admissions may undermine the liberal pleading provisions of the Federal Rules).

*Blaine Larsen's* distinction between factual admissions and legal characterizations applies here. Although Plaintiff's Complaint and Amended Complaint may have characterized the alleged November 2019 agreement as an oral modification of the written Real Estate Purchase and Sale Agreement ("Purchase Agreement"), Judge Brailsford determined that the allegations supported a claim for breach of a separate oral contract. *See* 8/21/24 MDO at 7-10 (Dkt. 83). In other words, according to Judge Brailsford, the difference between an oral modification and a separate oral contract is principally one of legal characterization, not necessarily one of underlying fact. That Plaintiff's counsel once characterized the agreement as a modification is a legal characterization and does not establish that Plaintiff made an

inconsistent factual assertion. Plaintiff – a non-attorney – should not have to explain to the jury why his attorneys previously advanced a legal theory that is no longer part of the case.

Accordingly, Defendants may not use Plaintiff's earlier legal characterizations in superseded pleadings as evidentiary admissions. Specifically, Defendants may not admit assertions in the superseded pleadings that characterize the November 2019 discussions between the parties as an oral modification of the written Purchase Agreement. Nor may Defendants introduce evidence of the legal causes of action previously pleaded, or their subsequent dismissal on summary judgment, to suggest that Plaintiff's claims have changed over time.[2]

To be clear, this restriction does not extend to relevant factual allegations. What the parties allegedly said during their November 2019 discussions, what they agreed to do, and their subsequent conduct remain central to the surviving claim. To the extent Plaintiff's superseded pleadings contain factual assertions bearing on those matters, Defendants may offer them as

[2] Defendants argue that Plaintiff's previously asserted claims also bear on whether his alleged forbearance from pursuing legal remedies supplied consideration for the oral agreement. *See* Defs.' Mem. Re: Admissibility at 4 (Dkt. 190) ("The six claims he pleaded and lost are the only record of what he says he forbore. That is why the pleadings are needed whole: excerpts would hide the claims that Plaintiff, himself, relies upon for his consideration theory."). The Court recognizes that the nature of the claims Plaintiff allegedly agreed to forbear from pursuing may be relevant to whether the parties formed an enforceable oral contract. But that question must be evaluated as of November 2019, when the parties allegedly entered into the agreement, not in hindsight based on Judge Brailsford's August 2024 summary judgment ruling. The subsequent dismissal of Plaintiff's claims does not, by itself, establish that those claims were groundless when the parties allegedly contracted. *See, e.g.*, Defs.' Tr. Brief at 13 (Dkt. 144) ("To be clear, Defendants do not contend that a claim is groundless merely because it later failed in litigation."); *but see id*. (Defendants arguing that "the defects the Court identified in its summary judgment decision existed in November 2019[.]"). Additionally, permitting Defendants to rely on that ruling before the jury would risk giving undue weight to another judge's legal conclusions and confusing the jury about the issues it must decide. Under Federal Rule of Evidence 403, that risk substantially outweighs the ruling's limited probative value for this purpose. Therefore, Defendants may not introduce or refer to Judge Brailsford's summary judgment ruling before the jury to establish that Plaintiff's alleged forbearance lacked consideration. This restriction does not preclude Defendants from introducing otherwise admissible evidence concerning the factual basis for Plaintiff's alleged forbearance or from challenging the sufficiency of that consideration through an appropriate Rule 50 motion.

evidentiary admissions or prior inconsistent statements on cross-examination. And because they are evidentiary rather than judicial admissions, Plaintiff remains free to explain or contradict them. *See Huey*, 82 F.3d at 333.

Defendants' reliance on Plaintiff's discovery responses supports the distinction between factual admissions and legal characterizations. Defendants highlight how Plaintiff expressly incorporated portions of his original Complaint into verified interrogatory responses concerning his communications with Defendants and the November 2019 discussions. *See* Defs.' Mem. Re: Admissibility at 2-3 (Dkt. 190). Where Plaintiff adopted particular factual allegations through those responses, those allegations may independently qualify as admissions under Federal Rule of Evidence 801(d)(2)(B). But incorporating certain allegations from pleadings into discovery responses does not transform the entire pleading into a sworn statement or make otherwise inadmissible legal theories admissible. The relevant inquiry remains whether the particular statement within a superseded pleading constitutes a factual assertion (as opposed to a legal characterization) bearing on the issue to be tried. If so, that is fair game.

The distinction also informs the Court's analysis under Federal Rule of Evidence 403. Both superseded pleadings contain numerous allegations and causes of action that are no longer before the jury. Admitting those pleadings in their entirety would risk confusing the issues, inviting speculation about dismissed claims, and giving undue evidentiary weight to legal theories drafted by attorneys years after the alleged oral agreement. Those risks substantially outweigh the limited probative value of presenting the pleadings in their entirety. Defendants' request to admit Exhibits 2003 and 2004 wholesale is denied.

Defendants' alternative request to admit redacted versions of the pleadings does not completely resolve these concerns. Defendants identify numerous paragraphs from both superseded pleadings that they contend should be admitted. *See* Defs.' Mem. Re: Admissibility

at 5-6 (Dkt. 190). While some contain potentially relevant factual assertions, others consist of legal characterizations that are not admissible for the reasons discussed above. *See, e.g.*, Compl. at ¶ 49 (Dkt. 1) ("… Craig and Defendants agreed to modify the Purchase Agreement …."); Am. Compl. at ¶ 59 (Dkt. 54) (same).

Moreover, the Court is reluctant to admit even redacted versions of the superseded pleadings as trial exhibits. Doing so would not eliminate the potential for jury confusion and could actually increase it by presenting selected allegations without their full context. Instead, the parties are directed to meet and confer and identify within a separate document a stipulated set of relevant factual assertions lifted from the superseded pleadings that may be introduced at trial as evidentiary admissions or prior inconsistent statements by Plaintiff, if necessary, consistent with the limitations outlined above. This approach preserves the possible evidentiary value of Plaintiff's prior factual statements without placing superseded pleadings and legal theories before the jury.

To recap: Plaintiff's superseded pleadings are not categorically inadmissible, but neither are they admissible in their entirety merely because they contain allegations attributable to Plaintiff. Defendants may use relevant factual allegations from Plaintiff's Complaint and Amended Complaint as evidentiary admissions or prior inconsistent statements, including statements Plaintiff adopted through his verified discovery responses. They may not, however, introduce the superseded pleadings themselves as trial exhibits or use legal characterizations embedded within these superseded pleadings as admissions or prior inconsistent statements. Plaintiff may explain or contradict any factual admissions properly introduced.

## III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' request to admit Plaintiff's superseded pleadings as trial exhibits (Dkt. 190) and Plaintiff's request to exclude his

superseded pleadings (Dkt. 191) are each GRANTED IN PART and DENIED IN PART, as set forth above. The parties are directed to meet and confer and submit a separate document containing stipulated, relevant factual assertions drawn from the superseded pleadings that may be introduced at trial, if necessary, consistent with this decision.

DATED: November 12, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge