**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| DANIEL V. CRAIG,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER SAGE RANCH, LLC; RENEE E. BAKER f/k/a RENEE BUERMANN; JOSEPH R. BUERMANN,<br><br>Defendants. | Case No.: 1:22-cv-00115-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEMONSTRATIVE EXHIBITS PDX 3, PDX 4, AND PDX 5**<br><br>**(Dkt. 192)** |

## I. BACKGROUND

Before the Court are Defendants' Objections to Plaintiff's Demonstrative Exhibits PDX 3, PDX 4, and PDX 5 (Dkt. 192). The proposed exhibits consist of aerial photographs of the Spring Creek Ranch (PDX 3), Midvale Ranch (PDX 4), and Sweet Property (PDX 5), with additional ground-level photographs accompanying the latter two properties. Defendants argue that the photographs have no relevance to Plaintiff's remaining breach of oral contract claim and risk inviting the jury to decide the case based on the perceived value of the properties or Defendants' financial benefit from the underlying transactions. They also contend that the photographs lack adequate foundation and improperly circumvent the Court's prior ruling concerning subsequent property sales prices (Dkt. 176).

Plaintiff responds that the photographs are permissible illustrative aids under Federal Rule of Evidence 107 (Dkt. 194). According to him, they provide context concerning the parties' underlying real estate transactions. Plaintiff represents that he will not use the photographs during opening statements or to establish property values, sales prices, profits, or property conditions. Rather, he intends to have witnesses familiar with the properties identify

the photographs during their testimony. Plaintiff therefore maintains that the photographs present no meaningful risk of unfair prejudice.

## II. ANALYSIS

Although Plaintiff characterizes the proposed photographs as demonstratives, they do not illustrate or explain particular testimony, calculations, or other evidence. They instead depict the properties involved in the underlying transactions. As such, the photographs are more appropriately treated as photographic exhibits, subject to the ordinary requirements of relevance, authentication, and admissibility under the Federal Rules of Evidence. Unless Defendants stipulated to their admission or waive any objection, Plaintiff must establish an appropriate foundation and demonstrate their relevance to the remaining breach of oral contract claim.

As the Court previously explained, although the underlying real estate transactions provide relevant context for Plaintiff's alleged oral agreement, the subsequent sales prices and profits have little bearing on whether an enforceable agreement existed or whether Defendants breached it. *See* Order Re: Defs.' MIL #2 at 4-6 (Dkt. 176). The Court also recognized that evidence concerning the amounts received from those transactions improperly invite the jury to impose liability based on Defendants' perceived financial benefit rather than the terms of the alleged agreement. *See id*. at 6.

These same concerns apply to the proposed photographs of the Sweet Property (PDX 5). Although Defendants' use of Plaintiff's earnest money to purchase that property may be relevant to the element of consideration, the relevance of the property's physical appearance is not apparent. Further, photographs depicting the Sweet Property's expanse could invite the jury to speculate about its value and the financial benefit Defendants received from their use of Plaintiff's funds. That is the exact concern underlying the Court's earlier ruling about subsequent sales prices. Therefore, absent a more particularized showing of relevance sufficient

to overcome the concerns identified under Rule 403, the Court will not permit admission of PDX 5.

The proposed photographs of the Midvale Ranch (PDX 4) are a bit different. That property was the subject of the original purchase agreement, and its subsequent sale allegedly triggered Defendants' obligation to return Plaintiff's earnest money. Moreover, the parties have stipulated to the admission of the underlying Purchase Agreement, which identifies the $3.3 million purchase price. Under these circumstances, the Court does not perceive the same potential for unfair prejudice from photographs depicting the Midvale Ranch itself. Plaintiff must still establish their relevance and appropriate foundation, but Rule 403 does not independently warrant their exclusion at this time.

Likewise, the Court sees no reason to categorically exclude the proposed photographs of the Spring Creek Ranch (PDX 3), insofar as Plaintiff can establish their relevance to the underlying transaction and the remaining claim. Similar to PDX 4, however, their admissibility depends on an appropriate foundation and a showing of relevance.

Accordingly, Defendants' objections are sustained in part and overruled in part. PDX 3 and PDX 4 may be offered as photographic exhibits, subject to the ordinary requirements of admissibility. PDX 5 is excluded absent leave of Court upon a particularized showing of relevance and admissibility. None of the proposed photographs may be used to suggest that Defendants' perceived financial benefit from the transactions establishes liability under the alleged oral agreement.

## III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Objections to Plaintiff's Demonstrative Exhibits PDX 3, PDX 4, and PDX 5 (Dkt. 192) are SUSTAINED IN PART and OVERRULED IN PART, as set forth above. PDX 3 and PDX 4 may be offered as

photograph exhibits, subject to appropriate foundation, relevance, and other applicability evidentiary requirements. PDX 5 may not be introduced absent leave of Court upon a sufficient showing of relevance and admissibility.

UNITED STATES COURTS
DISTRICT OF IDAHO

DATED: November 15, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge