**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| DANIEL V. CRAIG,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER SAGE RANCH, LLC; RENEE E. BAKER f/k/a RENEE BUERMANN; JOSEPH R. BUERMANN,<br><br>Defendants. | Case No.: 1:22-cv-00115-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' OBJECTION RE: ALLOCATION OF BURDEN TO PROVE DAMAGES TO DEFENDANTS**<br><br>**(Dkt. 197)** |

## I. BACKGROUND

The sole remaining claim in this action concerns an alleged oral agreement under which Defendants agreed to return Plaintiff's earnest money after selling the Midvale Ranch, less expenses attributable to Plaintiff's failure to complete the underlying purchase. In denying summary judgment on that claim, Judge Brailsford concluded that a jury could reasonably find the parties entered into such an agreement. *See* 8/21/24 MDO at 7-10 (Dkt. 83).

The Court subsequently denied Plaintiff's Motion in Limine to exclude evidence of Defendants' expenses. *See* 10/30/26 Order (Dkt. 179). In doing so, the Court distinguished between damages associated with Defendants' dismissed counterclaim and expenses contemplated by the alleged oral agreement. *See id*. at 4-5. The latter, the Court explained, are part of the alleged agreement itself and, thus, if the jury finds that the parties entered into and breached the alleged agreement, it must determine the amount owed after accounting for whatever expenses would be deducted. *See id*.

Defendants now object to the Court's proposed allocation of the burden of proving those expenses. *See* Defs.' Obj. (Dkt. 197). They argue that, because the expense deduction is part of

the alleged oral agreement, Plaintiff must prove not only the agreement and its terms, but also the amount of any deductible expenses necessary to establish his net recovery. *See id.* at 1, 3-4. Defendants principally rely on *Watkins Co., LLC v. Storms*, 272 P.3d 503 (Idaho 2012), *Takao v. Reimers*, 427 F.2d 158 (9th Cir. 1970), and related authorities requiring plaintiffs to establish contract damages with reasonable certainty. *See id.* at 4-5.

Plaintiff responds that Defendants' position improperly shifts to him the burden of proving expenses incurred by Defendants, which are within their knowledge and operate exclusively to their benefit. *See* Pl.'s Resp. at 1-6 (Dkt. 200). Plaintiff also notes that Defendants' own proposed jury instructions previously placed the burden of proving those expenses on Defendants themselves. *See id.* at 3.

## II. ANALYSIS

Plaintiff's objection highlights a distinction between Plaintiff's burden to prove his contractual damages and the burden to establish particular expenses that would reduce those damages. Ultimately, however, the Court is not persuaded that Plaintiff must prove the amount of Defendants' expenses to recover under the alleged oral agreement.

Plaintiff bears the burden of proving the existence of the alleged oral agreement, its breach, and the amount of his damages. Additionally, the contemplated deduction for expenses is part of the alleged agreement, not an independent claim for damages or an affirmative defense. But these aspects of the case do not establish that Plaintiff must prove the amount of expenses Defendants incurred.

Judge Brailsford's summary judgment decision provides a helpful backdrop. She concluded that a jury could reasonably find the parties agreed that Defendants would return the earnest money, less expenses after the Midvale Ranch sold. *See* 8/21/24 at 10 (Dkt. 83). The amount of earnest money remaining unpaid is definite: $707,000. In contrast, the deductible

expenses concern expenditures allegedly incurred by Defendants. To be sure, Judge Brailsford recounted Renee Baker's testimony acknowledging that Defendants would perform a cost analysis, present that analysis to Plaintiff, and determine the balance to be returned. *See id*. at 4. That testimony supports the understanding that Defendants would identify and account for the expenses contemplated by the alleged oral agreement.

Defendants' reliance on *Watkins* does not compel a different conclusion. There, the plaintiff sought damages for unpaid future rent under a lease expressly requiring the amount to be reduced to present value. *See Watkins*, 272 P.3d at 511. The Idaho Supreme Court held that proof of the gross unpaid rent, without the contractually required present value adjustment, was insufficient to establish damages. *See id*. Similarly, in *Takao*, evidence of gross crop revenues without deductions for production costs was insufficient to establish lost profits. *See Takao*, 427 F.2d at 159 n.1.

Those decisions concern the plaintiff's failure to establish the proper measure of *their own loss*. Here, Plaintiff is not seeking lost profits or future payments requiring a valuation adjustment. He straightforwardly seeks repayment of $707,000 of earnest money, subject to any deductions for expenses incurred by Defendants. Yes, such expenses affect the ultimate amount recoverable; but they are not expenditures Plaintiff incurred or amounts he would ordinarily be expected to document, as was the case in *Watkins* and *Takao*.

Judge Brailsford's summary judgment decision aligns with this logic as well. That decision recognized that the alleged agreement could be sufficiently definite notwithstanding the parties' failure to identify the precise amount of deductible expenses when the agreement was made. *See* 8/21/24 at 9-10 (Dkt. 83) (citing *Giacobbi Square v. PIK Corp.*, 607 P.2d 51, 53 (Idaho 1983)). And this Court's subsequent ruling established that the dismissal of Defendants' counterclaim did not preclude them from presenting otherwise admissible evidence of expenses

contemplated by the alleged agreement. *See* 10/30/26 at 4-5 (Dkt. 179) ("Thus, while Defendants cannot recover damages under their dismissed counterclaim, they may present otherwise admissible evidence of expenses bearing on the amount owed under the alleged oral agreement. Whether the parties agreed to deduct particular expenses, and in what amounts, is for the jury to decide.").

Finally, practically speaking, the expenses at issue concern Defendants' own expenditures. Defendants incurred them, presumably possessed the underlying information, and prepared calculations concerning at least some of them. *See id*. at 2. Requiring Plaintiff to establish the amount of those expenses would effectively place on him the burden of accounting for Defendants' expenditures. Notably, Defendants' own proposed jury instructions previously recognized the contrasting burdens, stating that any amount owed must be reduced by Defendants' "costs and damages," but that "Defendants have the burden of proving this defense." *See* Defs.' Proposed JI at 10 of 72 (Dkt. 148) (citing 8/21/24 at 2-3, 7-9 (Dkt. 83)).[1]

Accordingly, Plaintiff retains the burden of proving the alleged oral agreement, including its material terms, Defendants' breach, and the amount of earnest money subject to repayment. Defendants, however, bear the burden of proving the existence and amount of particular expenses attributable to Plaintiff's failure to complete the purchase of the Midvale Ranch.

## III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Objection Re: Allocation of Burden to Prove Damages to Defendants (Dkt. 197) is OVERRULED. Plaintiff

[1] Defendants submitted their proposed jury instructions before the Court's October 30, 2026 ruling. That said, Judge Brailsford had identified the nature of the surviving claim, including the contemplated deduction of expenses, in her August 21, 2024 summary judgment decision. The Court therefore does not treat Defendants' earlier characterization of the deduction as a "defense" as binding, but finds that their prior acknowledgement of the burden of proving those expenses is relevant.

bears the burden of proving the alleged oral agreement, its material terms, breach, and damages. Defendants bear the burden of proving the existence and amount of particular expenses attributable to Plaintiff's failure to complete the purchase of the Midvale Ranch which, if proven, shall be deducted from the amount of earnest money otherwise recoverable by Plaintiff under the alleged oral agreement.[2]

DATED: November 17, 2026

______________________________
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

---

2 This Memorandum Decision and Order supersedes any statements made by the Court during sidebar relating to the subject matter described herein.